**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER SAMPLE, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC,<br><br>Defendant. | Case No. CV 25-10000 FMO (ASx)<br><br>**ORDER RE: MOTION TO REMAND** |

Having reviewed the pleadings and the briefing filed with respect to Walter Sample's ("plaintiff") Motion to Remand (Dkt. 35, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

Plaintiff was employed by AT&T Mobility Services LLC ("AT&T Mobility") from approximately March 2023 through December 2024. (Dkt. 1-1, Complaint at ¶ 17). According to plaintiff, AT&T Mobility "illegally" imposed an "unlawful" tobacco surcharge of $37.50 per paycheck. (See id. at ¶ 27). As a result, AT&T Mobility failed to play plaintiff for all hours worked. (See id. at ¶ 28).

On September 12, 2025, plaintiff filed a class action complaint in the Los Angeles County Superior Court asserting claims for: (1) unpaid minimum wages in violation of Cal. Labor Code §§ 1194, 1197, and 1197.1; (2) final wages not timely paid in violation of Cal. Labor Code §§ 201 and 202; (3) wages not timely paid during employment in violation of Cal. Labor Code § 204; (4) inaccurate wage statements in violation of Cal. Labor Code § 226(a); (5) illegal deductions from

wages in violation of California Labor Code § 221; and (6) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (Dkt. 1-1, Complaint at ¶¶ 33-68). Plaintiff seeks to represent a class of "[a]ll current and former employees from whom Defendants charged a tobacco surcharge on wage statements, within the State of California, at any time during the period from four years preceding the filing of this Complaint to final judgment." (Id. at ¶ 11).

On October 17, 2025, AT&T Mobility removed the case to federal court pursuant to 28 U.S.C. § 1331 based on complete preemption under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). (Dkt. 1, Notice of Removal ("NOR") at ¶ 11). In its NOR, AT&T Mobility alleges that, "[d]uring his employment, [plaintiff] was a participant in an employer-sponsored benefit plan known as the AT&T Umbrella Benefit Plan No. 3 (the 'Plan'), which encompassed the AT&T Mobility Orange Medical Program (the 'Program')." (Id. at ¶ 4). Both the Plan and the Program are subject to the requirements of ERISA. (See id.). According to defendant, "[e]ligible employees are required to pay a monthly contribution to participate in the Program . . . [and] [t]he Program also provides for the application of a Tobacco User Surcharge, which increases the amount of the contribution employees are required to make to participate in the Program in certain circumstances[.]" (Id. at ¶ 5). The tobacco user surcharges reflected on plaintiff's wage statements are deductions made in connection with plaintiff's participation in the Plan and the Program. (See id.).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). As such, any doubts are resolved in favor of remand. See Gaus v. Miles, Inc., 980

F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, under the "well-pleaded complaint" rule, courts look to the complaint to determine whether an action falls within the bounds of federal question jurisdiction. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009).

## DISCUSSION

Where, as here, a complaint contains only state law causes of action, there is generally no federal question jurisdiction even where there is a federal defense to the state law cause of action. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207, 124 S.Ct. 2488, 2494 (2004). However, there is an exception to the well-pleaded complaint rule for state law causes of action that are "completely preempt[ed]" by ERISA. See id. at 207-08, 124 S.Ct. at 2494-95; Marin Gen. Hosp., 581 F.3d at 945 ("Complete preemption under § 502(a) is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.") (internal quotation marks and alteration omitted). "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546 (1987).

The civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a), displace certain state law claims, see Davila, 542 U.S. at 211-12, 124 S.Ct. at 2497, and the Supreme Court has created a two-part test to determine whether state law claims are completely preempted by ERISA. See id. at 210, 124 S.Ct. at 2496. "[A] state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" Marin Gen. Hosp., 581 F.3d at 946 (quoting Davila, 542 U.S. at 210, 124 S.Ct. at 2496) ("Davila test"). The defendant must show both prongs to invoke federal jurisdiction. See id. at 947.

## I. WHETHER PLAINTIFF COULD HAVE BROUGHT THE CLAIM UNDER ERISA § 502(a)(1)(B).

There appears to be no dispute that the first prong of the Davila test is satisfied.[1] Specifically, plaintiff, as a "participant or beneficiary" of an employee benefit plan, is the type of party that can bring a claim pursuant to § 502(a)(1)(B). See 29 U.S.C. § 1132(a)(1)(B) (providing that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"). In addition, plaintiff's claims concerning the tobacco surcharge appear to be the type of claims that could have been brought under ERISA's civil enforcement provisions. Indeed, as defendant points out, (see Dkt. 36, Opposition to Motion to Remand ("Opp.") at 6-8); (Dkt. 1, NOR at ¶ 19), claims challenging the legality of tobacco surcharges are commonly brought under ERISA. See, e.g., Platt v. Sodexo, S.A., 148 F.4th 709, 715 (9th Cir. 2025) (noting plaintiff's ERISA claims for alleged "violation of the Plan's terms in implementing the tobacco surcharge"); Williams v. Bally's Mgmt. Grp., LLC, 813 F.Supp.3d 263, 275 (D.R.I. 2025) (addressing claims that defendant's "tobacco surcharge program violates ERISA's antidiscrimination provision") (internal quotation marks omitted); Leslie v. Rentokil N. Am., Inc., 2026 WL 950490, *2 (E.D. Pa. 2026) (same).

## II. WHETHER THERE IS AN INDEPENDENT LEGAL DUTY IMPLICATED BY DEFENDANT'S ACTIONS.

"The question under the second prong of Davila is whether the complaint relies on a legal duty that arises independently of ERISA." Marin Gen. Hosp., 582 F.3d at 950. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." Id. at 949. "Claims are based on other independent legal duties if they would exist whether or not an ERISA plan existed." Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co., 2015 WL 138197, *3 (N.D. Cal. 2015). "State

[1] Plaintiff does not dispute that he was a participant in the Plan and the Program, (see, generally, Dkt. 35, Motion), nor did he dispute this fact in any of his briefing. (See, generally, id.).

law legal duties are not independent of ERISA where interpretation of the terms of the benefit plan forms an essential part of the claim, and legal liability can exist only because of the administration of ERISA-regulated benefit plan[].” Id. (internal quotation marks and alterations omitted).

Here, plaintiff contends that AT&T Mobility has “an independent duty to not illegally take wages from each of Plaintiff’s . . . paychecks for an illegal tobacco surcharge.” (Dkt. 35, Motion at 6). The court is unpersuaded. Although plaintiff asserts state law wage and hour claims, those claims are “dependent on the existence of the ERISA plan[.]” See Sender v. Franklin Res., Inc., 2011 WL 5006460, *6 (N.D. Cal. 2011). Specifically, determining whether the $37.50 deduction from plaintiff’s paycheck was “illegal” under state law requires the court to determine whether the tobacco surcharge was permissible under ERISA. Thus, plaintiff’s claims “cannot be regarded as independent of ERISA.” Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1226 (9th Cir. 2005) (finding that any duty that Blue Shield had to reimburse for emergency services under state law was necessarily dependent on the fact that plaintiff was a participant in an ERISA-governed plan); see, e.g., Davila, 542 U.S. at 213, 124 S.Ct. at 2498 (“Thus, interpretation of the terms of respondents’ benefit plans forms an essential part of their [state law] claim, and . . . liability would exist here only because of petitioners’ administration of ERISA-regulated benefit plans.”); Anderson v. Daimler Chrysler Corp., 2004 WL 2260633, *1 (N.D. Ill. 2004) (noting that the “resolution of the situation that underlies plaintiff’s claim calls squarely for an interpretation” of the ERISA plan terms).

In short, plaintiff’s claims are completely preempted by ERISA and the court has subject matter jurisdiction over this action.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT plaintiff’s Motion to Remand **(Document No. 35)** is **denied**.

Dated this 17th day of August, 2026.

/s/
Fernando M. Olguin
United States District Judge